IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. H-21-272-S |
| EMMANUEL PADILLA REYES A/K/A CHRISTIAN HERNANDEZ BONILLA A/K/A NOEL RIVERA | § § § § | |

## PLEA AGREEMENT

The United States of America, by and through Nicholas J. Ganjei, United States Attorney for the Southern District of Texas, and Belinda Beek, Assistant United States Attorney, and the defendant, **EMMANUEL PADILLA REYES A/K/A CHRISTIAN HERNANDEZ BONILLA A/K/A NOEL RIVERA** ("Defendant" or "**REYES**"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1.  Defendant agrees to plead guilty to Count One of the Second Superseding Criminal Information. Count One charges Defendant with conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 371. Defendant, by entering this plea, agrees that he is waiving any right to have the facts

1

that the law makes essential to the punishment either charged in the Second Superseding Criminal Information or proved to a jury or judge beyond a reasonable doubt.

## Punishment Range

2.  The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 371 is imprisonment of not more than five (5) years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of up to three (3) years. *See* Title 18, United States Code, Sections 3559(a)(4) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for up to two years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United States Code, Section 3559(a)(4) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3.  Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00)

per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

## Cooperation

5. The parties understand this agreement carries NO potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines.

## Waiver of Appeal, Collateral Review, and Statute of Limitations

6. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

7. Defendant also agrees that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the United States has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or

4

reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

8. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States, or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## United States' Agreements

10. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count One of the Second Superseding Criminal Information and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss the Indictment, Superseding Indictment, and Second Superseding Indictment after sentencing. The Defendant agrees that with respect to any and all dismissed charges, he is not a "prevailing party" within the meaning of the Hyde Amendment, Section 617, P.L. 105-119 (Nov. 26, 1997) and will not file any claim under that law;

(b) Should Defendant accept responsibility as contemplated by the Sentencing Guidelines, the United States agrees not to oppose Defendant's anticipated request to the Court that he receive a two (2) level downward adjustment pursuant to Section 3E1.1(a) of the United States Sentencing Guidelines. **If, however, Defendant engages in conduct or otherwise acts in a manner inconsistent with acceptance of responsibility, <u>or</u> if the Pre-Sentence Investigation Report does not make a finding of acceptance of responsibility and does not make a recommendation for a downward adjustment for acceptance of responsibility, the United States is not obligated to recommend or to refrain from opposing a downward adjustment for acceptance of responsibility; and**

(c) If Defendant qualifies for an adjustment under Section 3E1.1(a) of the United States Sentencing Guidelines with the offense level determined prior to the operation of 3E1.1(a) being level 16 or greater, and the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government

6

to avoid preparing for trial and permitting the government and the Court to allocate resources efficiently, and by providing complete information regarding his role in the offense, the United States agrees to request an additional one-level downward adjustment.

### Agreement Binding - Southern District of Texas Only

11. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for the specific conduct described in the Second Superseding Criminal Information, or for conduct related to theft of vehicles in Houston being re-sold in Colorado during the year 2023. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

12. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring the facts of this case, including evidence in the files of the United States Attorney's Office for the Southern District of Texas or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)  to set forth or dispute sentencing factors or facts material to sentencing;

(c)  to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)  to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e)  to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

13.  Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute or should the Court order any or all of the sentences imposed to run

consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

14. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

   (a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial could be conducted by a judge sitting without a jury if Defendant, the United States, and the Court all agreed.

   (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court; and

   (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

   (d) The defendant has a right to have the United States Attorney present the charges in the Second Superseding Criminal Information to a Grand Jury consisting of not less than sixteen (16) nor more than twenty-three (23) impartial citizens, who would hear the facts of the case as presented by the United States Attorney and witnesses, and then return an indictment against the Defendant only if twelve (12) or more members of the Grand

Jury found that there was probable cause to believe the Defendant committed the crime charged in the Fourth Superseding Criminal Information.

## Factual Basis for Guilty Plea

15. Defendant is pleading guilty because he is guilty of the charges contained in Count One of the ~~Superseding Indictment.~~ Second Criminal Information~~s~~. *[handwritten edits, initialed MR, BB]* If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. Defendant understands and agrees that the following facts, **among others**, would be offered to establish Defendant's guilt:

1) From at least in or about April 2018 through in or about January 2021, in the Houston Division of the Southern District of Texas and elsewhere, the defendant, **EMMANUEL PADILLA REYES A/K/A CHRISTIAN HERNANDEZ BONILLA ("REYES"),** did knowingly combine, conspire, confederate, and agree with others known and unknown, to commit wire fraud in violation of Title 18, United States Code, Section 1343.

2) In Texas, used car dealers, whether they are individuals or business entities, must have an independent General Distinguishing Number (GDN) license to buy, sell, or exchange used vehicles. The Texas Department of Motor Vehicle's (TxDMV'S) online eLicensing platform for GDN applications is maintained on computer servers that are located outside the state of Texas.

3) Among other things, dealers are required to file a Motor Vehicle Inventory Tax Statement (VIT) for their car sales at both the county tax office and appraisal district where the dealership is located. If no sales are made, the dealer must still file the form reporting zero sales.

4) **REYES** provided false information to TxDMV'S online eLicensing application portal in order to obtain GDN licenses for two fictitious car dealerships in order to generate Texas buyer tags, commonly called "paper plates" or "temporary tags," through the TxDMV'S eTag system.

5) On or about April 19, 2018, **REYES** obtained a GDN dealer license for a shell company called King's Ranch Autoland using the name of a person other than himself with a fraudulent Florida driver's license. Kings Ranch Autoland was a fraudulent and fictitious used car dealer. During the time Kings Ranch Autoland held a GDN license from approximately April 2018 until it was shut down by the TxDMV in March 2020, more than 120,000 fraudulent Texas buyer tags were issued from its TxDMV account. No VIT records were filed for King's Ranch Autoland.

6) On or about July 8, 2019, **REYES** obtained a GDN dealer license for a shell company called Texas Motor Company using the identity and social security number of someone other than himself. During the time Texas Motor Company

11

held a GDN license from approximately July 2019 until it was shut down by the TxDMV in December 2020, more than 430,000 Texas buyer tags were issued from its webDealer account. Not VIT records were filed for Texas Motor Company.

7) On or about March 18, 2019, **REYES'** co-conspirator transmitted via iMessage to an online buyer a Texas buyer tag issued from the fraudulent Kings Ranch Autoland account on the TxDMV'S eTag system.

8) On or about March 24, 2019, **REYES'** co-conspirator transmitted via iMessage to an online buyer a Texas buyer tag issued from the fraudulent Kings Ranch Autoland account on the TxDMV'S eTag system.

9) On or about April 3, 2019, **REYES'** co-conspirator transmitted via iMessage to an online buyer a Texas buyer tag issued from the fraudulent Kings Ranch Autoland account on the TxDMV'S eTag system.

10) On or about April 5, 2019, **REYES'** co-conspirator transmitted via iMessage to an online buyer a Texas buyer tag issued from the fraudulent Kings Ranch Autoland account on the TxDMV'S eTag system.

11) On or about May 15, 2019, **REYES'** co-conspirator transmitted via iMessage to online buyers two Texas buyer tags issued from the fraudulent Kings Ranch Autoland account on the TxDMV'S eTag system.

12) On or about September 30, 2020, **REYES'** co-conspirator transmitted

via email to an online buyer a Texas buyer tag issued from the fraudulent Kings Ranch Autoland account on the TxDMV'S eTag system.

13) On or about October 5, 2020, **REYES'** co-conspirator transmitted via email to an online buyer a Texas buyer tag issued from the fraudulent Kings Ranch Autoland account on the TxDMV'S eTag system.

All in violation of Title 18, United States Code, Section 371 and 2.

## Breach of Plea Agreement

16. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, including required financial information, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

13

## Monetary Penalties, Assets and Financial Disclosures

17. Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be submitted to the Treasury Offset Program so that payments to the Defendant may be applied to federal debts.

18. Defendant understands that restitution and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, any restitution order, and any fines.

## Restitution

19. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant agrees to pay full restitution as determined by the Court, regardless of the resulting loss amount, to all victims harmed by Defendant's "relevant conduct," as defined by U.S.S.G. §1B1.3, including conduct pertaining to any dismissed counts or uncharged conduct, and regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that

should the Court impose a payment schedule, the payment schedule sets forth minimum payments and does not foreclose additional collection of restitution.

## Financial Statement

20. Defendant agrees to truthfully complete under penalty of perjury, within thirty days of the execution of this Plea Agreement, a financial statement on a form provided by the United States Attorney's Office and to update the statement within seven days of any material change. Defendant also agrees to make full disclosure to the United States Probation Office of all current and anticipated assets in which Defendant has an interest both before sentencing and again before termination of supervised release or probation, with such disclosures to be shared with the United States Attorney's Office.

21. Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by the United States, including, but not limited to, credit histories and tax returns. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

## Complete Agreement

22. This written plea agreement, consisting of 19 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

23. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on May 13th, 2025.

X _____
   Defendant

Subscribed and sworn to before me on MAY 13 _____, 2025.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
    Deputy United States District Clerk

APPROVED:

Nicholas J. Ganjei
United States Attorney

By: *Belinda Beek*,   *[signature]*
Assistant United States Attorney   Attorney for Defendant
Southern District of Texas

17

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. H-21-272-S |
| EMMANUEL PADILLA REYES A/K/A CHRISTIAN HERNANDEZ BONILLA | § § § | |

**PLEA AGREEMENT -- ADDENDUM**

I have fully explained to Defendant his rights with respect to the pending Second Superseding Criminal Information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____          05/13/2025
Attorney for Defendant              Date

I have consulted with my attorney and fully understand all my rights with respect to the ~~Superseding Indictment~~ Second Criminal Information pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

X_____    05/13/2025
Defendant                          Date

19